**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 19-cr-00568-CCB** |
| **v.** | * | |
| | * | |
| **DARAN HICKMAN** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | *********** | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Motion for Review of Detention Order and/or Request for Temporary Release Due to Health and Safety Concerns (the "Motion") (ECF No. 124) and the government's Response in Opposition to Defendant's Motion for Review of Detention Order (the "Response") (ECF No. 130).  The issues have been fully briefed, and no hearing is necessary.  L.R. 105.6, 207.  For the reasons stated below, the Motion is **DENIED**.

I.  PROCEDURAL HISTORY

On September 30, 2020, a federal grand jury returned a superseding indictment charging the defendant with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d), and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846.  The defendant appeared for his initial appearance on October 7, 2020.  On October 19, 2020, the defendant appeared before this Court for a detention hearing.

## II.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act ("BRA").  18 U.S.C. §§ 3141 *et seq.*  The government is permitted to seek pretrial detention of the defendant in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*).  *Id.* § 3142(f)(1)(C).  In fact, a rebuttable presumption of detention applies in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  *Id.* § 3142(e)(3)(A).  Where the presumption can be rebutted, the BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  *Id.* § 3142(c)(1)(B). If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1).  "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  *Id.* § 3142(f). On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings.  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

2

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.  REOPENING THE DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g) and found that the defendant had not introduced sufficient evidence to rebut the presumption of detention.   Therefore, the Court ordered that the defendant be detained.  *See* Order of Detention Pending Trial (ECF No. 79).  The defendant is presently housed at the Chesapeake Detention Facility ("CDF") in Baltimore.  The defendant now moves to reopen the detention hearing.  Indeed, under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The defendant argues that the detention hearing should be reopened because information exists that was not known to him at the time of the detention hearing, and that this information has a

material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community. Specifically, the defendant cites the recent increase in COVID-19 positive cases at CDF.  "The new information that could not have been contemplated at the time of the initial detention hearing is the COVID-19 pandemic that is currently out of control at CDF."  Motion (ECF No. 124 ¶ 3).  The defendant asserts that "[i]ncarceration at CDF during the height of the COVID-19 pandemic poses a serious risk of debilitating illness and even death from an extremely contagious virus."  Motion (ECF No. 124 ¶ 4).  The defendant does not assert that he has contracted COVID-19 while at CDF or that he has been exposed to anyone who has tested positive for the virus.  Further, he does not claim that he suffers from any specific health condition that puts him at a higher risk of contracting the virus or suffering more severe consequences if he does.

Arguably, the recent significant increase in COVID-19-positive cases at CDF constitutes new information that was not known to the defendant at the time of the detention hearing.  To reopen the detention hearing, however, the defendant must also establish that the new information has a *material* bearing on the issue whether conditions of release can be fashioned to reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  In a recent case, United States District Judge Stephanie A. Gallagher addressed the issue of the materiality of a defendant's medical condition in the context of the BRA factors.  She stated:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial.  *See generally* 18 U.S.C. § 3142(g).  None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being.  Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other

individuals.  In some circumstances, clearly, a particular defendant's medical condition could reduce that defendant's risk of flight or danger to the community, and the health condition would therefore fall within the factors appropriately considered in the context of § 3142(g).  Absent those circumstances, however, a particular defendant's health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis.  *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community.  The risk of harm *to the defendant* does not usually bear on this analysis."); *United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April 27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL 1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i)); *United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community."); *United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020) ("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's release would bring about (however significant) or the harms that his incarceration would cause (however substantial).  Rather, the statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*."") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May 22, 2020) (alteration in original).

Given this legal framework, the Court does not find that the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  Certainly, there are cases where a defendant's particular medical condition could reduce the risk of flight or danger to the community.  For example, if the defendant suffered from a physical or mental condition that limited his mobility, the argument could be made that the condition reduces the risk of flight or danger to the community to the extent that conditions of release could be fashioned to reasonably assure his further appearance and the safety of the community.  Here, the defendant does not suffer from any such condition.  Rather, he relies on a

generalized risk of contracting COVID-19 as the ground for his release. Simply stated, the increase in COVID-19-positive cases at CDF and the generalized risk to the defendant of contracting it does not reduce his risk of nonappearance or the risk he poses to the community. The risk posed to the defendant by his incarceration does not affect the § 3142 (f) and (g) analysis. Therefore, the Court finds that the defendant has not established a sufficient basis to reopen the detention hearing.

## IV.  TEMPORARY RELEASE UNDER § 3142(i)

The defendant also urges the Court to order his temporary release. Indeed, under 18 U.S.C. § 3142(i), the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[1]

Regarding whether the defendant has established "another compelling reason" for temporary release, the Fourth Circuit has directed the Court to

> consider in the first instance the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251, Order at 1 (4th Cir. Apr. 15, 2020).

The first factor to consider is the severity of the risk that the COVID-19 virus poses to the defendant. As noted above, the defendant does not articulate an individualized risk posed to him by the COVID-19 virus. He does not assert that he suffers from a specific medical condition that

---

[1] The defendant has not argued that release, temporary or otherwise, is necessary for the preparation of his defense.

heightens his risk for contracting the virus or severe illness if he does.  Rather, he relies on a generalized risk of exposure, which would apply to all other detainees at CDF as well as the defendant.

The risk to the defendant based on his medical conditions must now be evaluated in the context of the current COVID-19 situation at CDF.  The Court acknowledges the significant increase in the number of COVID-19-positive cases at CDF in recent weeks.  That is undisputed.  The risk that the COVID-19 virus poses to the defendant, given the current conditions at CDF, is difficult to quantify.  Logically, the greater the number of people who have contracted the virus to whom the defendant is exposed, the greater the chance that he will contract it.  Notwithstanding the significant increase in positive cases at CDF, the defendant has not contracted the virus and does not assert that he has been exposed to anyone who has tested positive.  He has not alleged that he has suffered from any COVID-19 symptoms or has not received appropriate medical care when required.  Arguably the preventive measures recently implemented at CDF have been effective to protect the defendant from contracting the disease.

Finally, under the Fourth Circuit's directive in *Creek*, the Court must address whether the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at CDF, balanced against the other BRA factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).  The defendant has the burden to show that circumstances warranting temporary release under § 3142(i) exist.  *United States v. Sanders*, 450 F. Supp. 3d 1123, 1127 (D. Kan. 2020).  "The question for the Court is whether the COVID-19 health risks to the Defendant, should he remain detained, outweigh those traditional Section 3142(g) factors *and* the COVID-19 health risk to the community that Defendant's release could occasion."  *United States v. Hernandez*, No. PX-19-

158-9, slip op. at 5-6 (D. Md. Apr. 29, 2020).  In the Order of Detention (ECF No. 79) the Court explained, "The government has strong evidence of the defendant's involvement in gang activities, and [particularly] his direct involvement in the attempted murder of the member of a rival gang, which resulted in the wounding of two bystanders."  Given the Court's original finding that the defendant failed to rebut the presumption of detention in this case, the Court finds that, balanced against the other BRA factors, the risk that the COVID-19 virus poses to the defendant, given his existing medical condition and current COVID-19 situation at CDF, does not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

## **ORDER**

Accordingly, it is this 1st day of March 2021, hereby **ORDERED** that the defendant's Motion for Review of Detention Order and/or Request for Temporary Release Due to Health and Safety Concerns (ECF No. 124) is **DENIED**.

                                    /s/
                                    Thomas M. DiGirolamo
                                    United States Magistrate Judge